Colin G. Bell, Esquire (CB 2864)
HANKIN SANDMAN PALLADINO & WEINTROB
Counsellors-at-Law
A Professional Corporation
30 South New York Avenue
Atlantic City, NJ  08401
(609) 344-5161
Attorneys for Defendant A3 Technology, Inc.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JAMES SALVATORE and JARED SALVATORE,** | **CIVIL CASE NO. 1:18-CV-09584** |
| **Plaintiffs,** | |
| **v.** | *Document Electronically Filed* |
| **A3 TECHNOLOGY, INC.; JOHN DOES 1-10 and/or XYZ CORPORATION 1-10** | |
| **Defendants.** | **NOTICE OF REMOVAL OF STATE COURT ACTION TO UNITED STATES DISTRICT COURT** |

PLEASE TAKE NOTICE that Defendant, A3 Technology, Inc., through its counsel, hereby files this Notice of Removal pursuant to 28 U.S.C. § 1446.

Defendant hereby removes to the United States District Court for the District of New Jersey all claims and causes of action in the civil action entitled James Salvatore, et al. v. A3 Technology, Inc., ATL-L-906-18, now pending in the Superior Court of New Jersey, Law Division, Atlantic County (the "State Court Action").

The grounds for removal are the following:

1.   The State Court Action was filed on April 27, 2018. Service of process occurred on May 8, 2017.

2.   Defendant files this Notice of Removal pursuant to 28 U.S.C. § 1446 within the time required by law for removal.

3.   The State Court action asserts federal claims under the Americans with Disabilities Act, 42 U.S.C. § 1210 et seq. over which the District Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

4.   Plaintiffs' Complaint contains additional causes of action asserting claims under New Jersey law over which the District Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because they arise out of a common set of facts and are part of the same controversy giving rise to the litigation.

5.   Plaintiffs have demanded a jury trial in the State Court Action.

6.   Defendant expressly reserves the right to raise all defenses and objections to the State Court Action after it is removed to the District Court.

7.   In accordance with Local Rule 5.1, a copy of the Complaint and the Affidavit of Service in the State Court Action are attached hereto as Exhibits A and B, respectively, and incorporated by reference.

8.    The Defendant has provided written notice of this Notice of Removal to Plaintiffs' counsel.  A true and complete copy of this Notice of Removal will be filed in the State Court Action.

**HANKIN SANDMAN PALLADINO & WEINTROB, PC**

Dated: May 23, 2018          By:  */s/Colin G. Bell* (CB2864)
Colin G. Bell, Esquire
30 South New York Avenue
Atlantic City, NJ 08401
(609) 344-5161
(609) 344-7913 (facsimile)
coling@hankinsandman.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that the original and one copy of the within Notice of Removal of State Court Action to United States District Court was filed via ECF with the United States District Court for the District of New Jersey, Camden Courthouse. I also hereby certify that a copy of the within Notice was served on this date, by email and through the New Jersey Superior Court ECourts system upon Plaintiffs' counsel.

I further certify that a copy of the within Notice was filed, via ECourts with the Clerk of the Superior Court of New Jersey, Atlantic County.

**HANKIN SANDMAN PALLADINO**
**& WEINTROB, PC**

Dated: May 23, 2018          By:    */s/Colin G. Bell* (CB2864)
Colin G. Bell, Esquire
30 South New York Avenue
Atlantic City, NJ 08401
(609) 344-5161
(609) 344-7913 (facsimile)
coling@hankinsandman.com
Attorneys for Defendant



**O'BRIEN, BELLAND & BUSHINSKY, LLC**
1526 Berlin Road
Cherry Hill, NJ 08003
856-795-2181/Fax 856-795-2182
By:      Mark E. Belland, Esquire
         David F. Watkins, Jr., Esquire
         *Attorneys for Plaintiffs*

| | |
|---|---|
| JAMES SALVATORE,<br>JARED SALVATORE<br><br>                             Plaintiff,<br><br>v.<br><br>A3 TECHNOLOGY, INC., JOHN DOES 1-<br>10, AND XYZ CORP. 1-10<br><br>                             Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, ATLANTIC COUNTY<br><br>DOCKET NO.<br><br>Civil Action<br><br>COMPLAINT |

Plaintiffs, James and Jared Salvatore, residing at 340 Oak Road, Hammonton, New Jersey, by way of this Complaint against the Defendant, A3 Technology, Inc. ("A3T" or "Defendant"), hereby says:

## NATURE OF ACTION

1.      This is an action seeking equitable and legal relief for: (1) violations of the Americans with Disabilities Act (hereinafter "ADA"), its Regulations, and its related Amendments, 42 U.S.C. § 12101 *et seq.*; and (2) violations of the New Jersey Law Against Discrimination (hereinafter "NJLAD"), N.J.S.A. 10:5-1 *et seq.*, its Regulations, and its related Amendments, and (3) for negligent inflection of emotional distress.

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to the ADA, 42 U.S.C. § 12101 *et. seq.*, its Regulations, and any Amendments thereto, and the NJLAD, N.J.S.A. 10:5-1 *et seq.*, its Regulations, and any Amendments thereto.

3.     Venue is appropriate in this Court pursuant to Rule 4:3-2 because: (a) the causes of action arose within Atlantic County; (b) Plaintiffs reside in Atlantic County at the time of this suit's commencement; and (c) the Defendant conducts and/or conducted business within Atlantic County.

## PARTIES

4.     Plaintiffs, James and Jared Salvatore, are twin brothers residing at 340 Oak Road, Hammonton, New Jersey.  Plaintiffs were both employed by A3T from January to October of 2016.

5.     Defendant, A3T, provides systems engineering, business and financial management, and information technology support services to the federal government.  A3T's principal place of business is located at 327 West White Horse Pike, Egg Harbor City, New Jersey.

## FACTUAL ALLEGATIONS

6.     Plaintiffs both began their employment with Defendant in January of 2016.

7.     Jared Salvatore began employment with A3T as an engineer on January 11, 2016.

8.     James Salvatore began employment with A3T as a computer scientist on January 19, 2016.

9.     A3T provides services to the Federal Aviation Administration ("FAA") at FAA Headquarters, William J. Hughes Technical Center ("WJHTC"), and the Mike Monroney Aeronautical Center's Enterprise Services Center.

10.    Both Plaintiffs worked at the WJHTC location.

11.    Plaintiffs are twin brothers and have both been diagnosed with Asperger's Syndrome.

12.    As part of the application process, James and Jared Salvatore submitted their resumes to A3T.  Jared Salvatore's resume clearly indicates that he has been diagnosed with Asperger's Syndrome.

2

13. The potentially serious and debilitating nature of Asperger's Syndrome has caused it to be recognized as a disability under both state and federal law.

14. A3T was aware that both James and Jared Salvatore had a disability under the law.

15. Despite their disability, James and Jared Salvatore performed excellent work for A3T. Indeed, A3T never communicated any issues with James or Jared Salvatore performing the essential functions of their jobs.

16. Throughout the course of their employment, Plaintiffs were treated as "outcasts" by co-workers and were frequently the subject of mock and ridicule for behaviors attributable to their Asperger's Syndrome. Co-workers would avoid interacting with Plaintiffs beyond the obligatory greetings which occur in the workplace.

17. On or about October 12, 2016, James and Jared Salvatore were called into a meeting with Henry Dorsey, Kathleen Reichard, and Henry Dorsey's supervisor, Kenny.

18. During that meeting, Plaintiffs were presented with an email that was addressed from Chris Casey to Henry Dorsey dated October 7, 2016 with the subject line "Twins".

19. That email contained "behavior that was reported between [James and Jared Salvatore]. A plain review of the email indicates that all of the referenced points revolve around or are directly related to their Asperger's Syndrome. Additionally, none of the reasons outlined in the email pertain to James or Jared being unable or deficient in performing the essential functions of their job.

20. Following this meeting, James and Jared Salvatore were told that they were being terminated from employment based on the reasons stated in the October 7, 2016 email and to clean out their cubicles.

21. James and Jared Salvatore received an email from A3T dated October 14, 2016 indicating

3

that they were not terminated for the reasons stated in the October 7, 2016 email but rather "because our customer (ASRC) canceled A3T's funding for [their] position."

22. A3T went on to state that A3T "do[es] not have any other open positions for [them]."

23. From October 12, 2016 through at least November 22, 2016, A3T advertised on its website that it had openings for various positions including software engineers, system engineers, and computer scientists – the very positions which were held by James and Jared Salvatore.

24. On August 7, 2017, Plaintiffs filed a charge of discrimination with the EEOC's Philadelphia District Office, alleging that A3T discriminated against Plaintiffs on the basis of their disability.

25. On January 29, 2018, the EEOC issued a Dismissal and Notice of Rights (attached as Exhibit "A") to Jared Salvatore, which dismissed his (Jared's) EEOC charge and informed him of his right to sue. This Dismissal and Notice of Rights was received on February 1, 2018.

26. On February 16, 2018, the EEOC issued a Dismissal and Notice of Rights (attached as Exhibit "B") to James Salvatore, which dismissed his (James') EEOC charge and informed him of his right to sue. This Dismissal and Notice of Rights was received on February 20, 2018.

## COUNT I
### DISCRIMINATION BASED ON DISABILITY (ADA)

27. Plaintiffs re-allege and incorporate herein the paragraphs set forth in this Complaint.

28. Plaintiffs' protected class is that of a qualified individual with a disability, suffering from an impairment which substantially limits one or more major life activities.

29. Based on the foregoing, Plaintiffs allege that the Defendant violated the ADA, 42 U.S.C. § 12101, *et. seq.*, its Regulations, and any Amendments thereto, prohibiting discrimination

4

based on a handicap or disability. Specifically, Plaintiffs contend that the Defendant did not provide reasonable accommodation for Plaintiffs' disability, failed to engage in an interactive process to accommodate Plaintiffs' disability, and persisted in pursuing adverse job actions despite being fully aware of Plaintiffs' issues.

30. A3T has discriminated and retaliated against James and Jared Salvatore based on their disability in violation of the ADA, 42 U.S.C. § 12101 *et seq.*, its Regulations, and its related Amendments.

## COUNT II
## DISCRIMINATION BASED ON DISABILITY (NJLAD)

31. Plaintiffs re-allege and incorporate herein the paragraphs set forth in this Complaint.

32. Plaintiffs' protected class is that of a qualified individual with a disability, suffering from an impairment which substantially limits one or more major life activities.

33. Based on the foregoing, Plaintiffs allege that the Defendant violated the NJLAD, N.J.S.A. 10:5-1 *et seq.*, its Regulations, and any Amendments thereto, prohibiting discrimination based on a handicap or disability. Specifically, Plaintiffs contend that the Defendant did not provide reasonable accommodations for Plaintiffs' disability, failed to engage in an interactive process to accommodate Plaintiffs' disability, permitted and/or facilitated a hostile work environment in which Plaintiffs were subject to harassment, and persisted in pursuing adverse job actions despite being fully aware of Plaintiffs' issues.

34. A3T has discriminated and retaliated against James and Jared Salvatore based on their disability in violation of the NJLAD, N.J.S.A. 10:5-1 *et seq.*, its Regulations, and any Amendments thereto.

## COUNT III
### RETALIATION (NJLAD)

35.     Plaintiffs re-allege and incorporate herein the paragraphs set forth in this Complaint.

36.     The foregoing facts and circumstances demonstrate that Defendants have violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.*, by retaliating against Plaintiffs for complaining of discriminating against Plaintiffs due to Plaintiffs' handicap and/or disability.

37.     As a direct and proximate result of the actions of Defendant, Plaintiffs have suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries and/or physical injury.  Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiffs' life.  Moreover, Plaintiffs have and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care.  Plaintiff's damages have been experienced in the past, and they will continue into the future.

38.     Further, Plaintiffs have been required to retain an attorney to assist Plaintiffs in asserting Plaintiffs' claims and protecting Plaintiffs' rights.

## COUNT IV
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

39.     Plaintiffs re-alleges and incorporates herein the paragraphs set forth in this Complaint.

40.     The foregoing facts and circumstances demonstrate that Defendant has committed the common law tort of negligent infliction of emotional distress.

41.     As a result of the Defendant's actions, Plaintiffs suffered emotional distress, mental anguish, shame, embarrassment, humiliation, and harm to their professional reputation.

6

42.    Plaintiffs have also needed to retain an attorney in order to assist them in asserting their

legal claims and protecting their legal rights.

**WHEREFORE,** Plaintiffs demand judgment against Defendant for each and every count,

as follows:

A.  Defendant be required to provide all appropriate remedies under the Americans with

Disabilities Act, its Regulations, and any Amendments thereto; and

B.  Defendant be required to provide all appropriate remedies under the New Jersey Law

Against Discrimination, its Regulations, and any Amendments thereto;

C.  Compensatory damages of not less than $100,000;

D.  Damages for lost wages and benefits, back pay, front pay (or reinstatement);

E.  Damages for humiliation, mental and emotional distress;

F.  Statutory damages if applicable;

G.  Punitive damages and or liquidated damages where permitted by law;

H.  Attorneys' fees and costs of suit;

I.  Lawful interest including pre-judgment interest on lost wages and any wages not paid

in a timely manner; and,

J.  Such other, further and different relief as the Court deems fitting, just and proper.

Plaintiffs hereby reserves the right to amend this Complaint to supplement or modify the

factual obligations and claims contained herein, based upon information received from the

Defendant, witnesses, experts, and others in the course of discovery in this matter.

## DEMAND FOR TRIAL BY JURY

Pursuant to the provisions of Rule 4:35-1(a) and (b), Plaintiffs respectfully demands a trial by

jury on all issues in the within action so triable.

## CERTIFICATION

Pursuant to the provisions of Rule 4:5-1, the undersigned certifies that the matter in controversy is not the subject of any other action pending in any court, or of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated, and all known necessary parties have been joined in this action.

## DESIGNATION OF TRIAL COUNSEL

Mark E. Belland, Esquire is hereby designated as trial counsel for Plaintiffs.

## DEMAND FOR PRODUCTION OF INSURANCE AGREEMENTS

Pursuant to the provisions of Rule 4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment.

O'BRIEN, BELLAND & BUSNINSKY
*Attorneys for Plaintiffs*

Mark E. Belland, Esquire
David F. Watkins, Esquire
1526 Berlin Road
Cherry Hill, NJ 08003
856-795-2181/Fax 856-795-2182
mbelland@obbblaw.com

Dated:   April 27, 2018

8

## VERIFICATION OF COMPLAINT

1.  I, James Salvatore, am a plaintiff in the above referenced matter. This certification is based on my personal knowledge.

2.  The factual allegations contained in the attached Verified Complaint are true.

    I certify that the foregoing statements are true. I am aware that if any of the foregoing statements made by me are willfully false I am subject to punishment.


                                        James M Salvatore
                                    _____
                                        JAMES SALVATORE

9

## VERIFICATION OF COMPLAINT

1.  I, Jared Salvatore, am a plaintiff in the above referenced matter. This certification is based on my personal knowledge.

2.  The factual allegations contained in the attached Verified Complaint are true.

    I certify that the foregoing statements are true. I am aware that if any of the foregoing statements made by me are willfully false I am subject to punishment.


_Jared M. Salvatore_
JARED SALVATORE

10

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Jared Salvatore<br>340 Oak Rd<br>Hammonton, NJ 08037 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|
| EEOC Charge No. | EEOC Representative | | Telephone No. |
| 530-2017-03569 | Legal Unit | | (215) 440-2828 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

|   | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
|---|---|
|   | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
|   | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
|   | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| X | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
|   | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
|   | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

| Enclosures(s) | _Jamie R. Williamson,_<br>Jamie R. Williamson,<br>District Director | 1/29/18<br>(Date Mailed) |
|---|---|---|

cc:

| Colin G. Bell, Esq.<br>Attorney<br>Hankin Sandman Palladino & Weintrob<br>30 S New York Ave<br>Atlantic City, NJ 08401 | David Watkins, Esq.<br>OBRIEN, BELLAND & BUSHINSKY<br>1526 Berlin Rd<br>Cherry Hill, NJ 08003 |
|---|---|

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | James Salvatore<br>340 Oak Rd<br>Hammonton, NJ 08037 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2017-03570 | Legal Technician | (215) 440-2828 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [X] | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

Jamie R. Williamson,
District Director

2/16/18
(Date Mailed)

Enclosures(s)

cc:
Colin Bell, Esq.
Attorney
HANKIN SANDMAN PALLADINO AND WEINTROBQ
30 S New York Avenue
Atlantic City, NJ 08401

David Watkins, Esq.
OBRIEN, BELLAND & BUSHINSKY
1526 Berlin Rd
Cherry Hill, NJ 08003

# Civil Case Information Statement

**Case Details: ATLANTIC | Civil Part Docket# L-000906-18**

**Case Caption:** SALVATORE JAMES  VS A3
TECHNOLOGY, INC.

**Case Initiation Date:** 04/27/2018

**Attorney Name:** DAVID FRANCIS WATKINS JR

**Firm Name:** O'BRIEN BELLAND & BUSHINSKY, LLC

**Address:** 1526 HADDONFIELD BERLIN RD
CHERRY HILL NJ 08003

**Phone:**

**Name of Party:** PLAINTIFF : Salvatore, James

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** EMPLOYMENT (OTHER THAN CEPA OR LAD)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Hurricane Sandy related?** NO

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

04/27/2018
Dated

/s/ DAVID FRANCIS WATKINS JR
Signed

```
ATLANTIC COUNTY COURT HOUSE
SUPERIOR COURT LAW DIV
1201 BACHARACH BLVD
ATLANTIC CITY    NJ 08401
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (609) 345-6700
COURT HOURS  8:30 AM - 4:30 PM


                    DATE:  APRIL 27, 2018
                    RE:    SALVATORE JAMES  VS A3 TECHNOLOGY, INC.
                    DOCKET: ATL L -000906 18

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

    DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON JAMES P. SAVIO

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    002
AT: (609) 594-3573.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                            ATT: DAVID F. WATKINS
                            O'BRIEN BELLAND & BUSHINSKY, L
                            1526 HADDONFIELD BERLIN RD
                            CHERRY HILL      NJ 08003


ECOURTS
```

**O'BRIEN, BELLAND & BUSHINSKY, LLC**
1526 Berlin Road
Cherry Hill, NJ 08003
856-795-2181/Fax 856-795-2182
By:    Mark E. Belland, Esquire
        David F. Watkins, Jr., Esquire
        *Attorneys for Plaintiffs*

| | |
|---|---|
| JAMES SALVATORE, JARED SALVATORE | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, ATLANTIC COUNTY |
| Plaintiffs, | DOCKET NO. ATL-L-000906-18 |
| v. | Civil Action |
| A3 TECHNOLOGY, INC., JOHN DOES 1-10, AND XYZ CORP. 1-10 | COMPLAINT |
| Defendants. | |

From The State of New Jersey to The Defendant(s) Named Above: **A3 TECHNOLOGY, INC.**

    The plaintiffs, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

                                       /s/ Michelle M. Smith
                                     Clerk of the New Jersey Superior Court

Dated: May 1, 2018
Name of Defendant to be Served:      A3 TECHNOLOGY, INC.
Address of Defendant to be Served:   327 West White Horse Pike
                                    Egg Harbor City, NJ  08215



JAMES SALVATORE, ET AL

                         **Plaintiff**

         VS

A3 TECHNOLOGY, INC., ET AL

                         **Defendant**

20180501110012

Superior Court Of New Jersey

ATLANTIC Venue

Docket Number: ATL L 906 18

**Person to be served** (Name and Address):
A3 TECHNOLOGY, INC.
327 WEST WHITE HORSE PIKE
EGG HARBOR CITY  NJ  08215
**By serving:** A3 TECHNOLOGY, INC.

**Attorney:** DAVID F. WATKINS, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, CIS, TRACK ASSIGNMENT
NOTICE, DEMAND, VERIFICATIONS AND ATTACHMENT

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

**Service Data:**      [X] Served Successfully          [ ] Not Served

Date/Time:      5/8/2018 1:50 PM          _____

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age
residing therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent,
registered agent, etc. (indicate name & official title at right)

Name of Person Served and relationship/title:

ALISSA HART _____

MANAGING AGENT _____

**Description of Person Accepting Service:**

SEX: F     AGE: 36-50   HEIGHT: 5'4"-5'8"     WEIGHT: 131-160 LBS.     SKIN: WHITE     HAIR: BROWN     OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:          Date/Time: _____
                            Date/Time: _____
                            Date/Time: _____

Other:

**Served Data:**
Subscribed and Sworn to me this

_____ day of _____, 20 18

Notary Signature: _____

_____
Name of Notary

KIMBERLY GROTE
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Dec. 18, 2018
Commission Expiration

I, LISA CERRUTO,
was at the time of service a competent adult, over the age
of 18 and not having direct interest in the litigation. I declare
under penalty of perjury that the foregoing is true and
correct.

_____          5/10/2018
Signature of Process Server          Date

Name of Private Server: LISA CERRUTO  Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952